**REXROAT, Appellant, v. REXROAT et al, Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 7666. Decided December 15, 1952.

348

Sol Goodman, Harry Falk, Cincinnati, for appellant.
Andrew O. Haefner, Paul J. Hengge, Cincinnati, for appellee.

### OPINION

Per CURIAM.

This is an action to declare a resulting trust in certain real estate.

The parties heretofore were formerly husband and wife, their marriage having been terminated in a contested divorce suit tried upon a petition and an answer and cross-petition, with the divorce being granted to the defendant on her petition for the husband's aggressions and his cross-petition in that suit heard and dismissed.

This suit was terminated in the trial court upon plaintiff's motion for judgment on the pleadings, testing the sufficiency of the answer to plead facts sufficient to show that all issues as to title of the real estate involved were adjudicated in the divorce court, and, hence, establish the defense of **res adjudicata**. The motion was overruled.

It is contended here that since the record-legal title to the real estate at the time of the divorce action was in the defendant and a divorce awarded to her for plaintiff's aggression, the divorce court lacked the general equity jurisdiction necessary to award to plaintiff any part of the real estate standing in the name of the wife.

If that were the situation here—the contention has been upheld by this court in **Owens v. Owens, 85 Oh Ap, 414, 40 O. O. 264.**

But the allegations of the amended answer reveal a different situation.

The amended answer denies plaintiff paid all the consideration and alleges that the real estate was purchased during the marriage of the parties and the title taken in her name. That in the divorce action this plaintiff, in his answer and cross-petition, alleged that he was the sole owner of the property,

describing it, and sought to have the court decree it to him, which contention was in dispute with the petition, wherein the real estate was also described by metes and bounds; that the court decided that question adverse to the claims of the plaintiff's petition and dismissed the same, so that all issues as to title are now **res adjudicata.**

For the purposes of the motion, the allegations of the amended answer are taken as true and appear to the court to establish the fact that plaintiff's cross-petition put the issue of title squarely before the divorce court so that his contention, referred to above, is untenable under the allegations contained in the amended answer.

The judgment is, therefore, affirmed.

Judgment affirmed.

HILDEBRANT, PJ, MATTHEWS, J, concur.